**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SALVADOR PEREZ,             ) | |
|                             ) | |
|     Petitioner/Defendant, ) | |
|                             ) | CIVIL NO. 10-729-GPM |
| vs.                         ) | |
|                             ) | CRIMINAL NO. 08-30180-01-GPM |
| UNITED STATES OF AMERICA,   ) | |
|                             ) | |
|     Respondent/Plaintiff. ) | |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Salvador Perez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. This motion was filed by counsel, and the Government has not been ordered to respond. For the reasons set forth below, the motion is summarily denied.[1]

### BACKGROUND

By indictment filed on August 20, 2008, Perez was charged with four counts of distribution of cocaine under 21 U.S.C. § 841(a)(1). Perez was arrested on September 2, 2008, and appeared before United States Magistrate Judge Clifford J. Proud on September 3. Perez entered a not guilty plea on all counts, was appointed counsel for all further proceedings, and was released on bond pending jury trial set for November 18, 2008. The Court twice granted Perez's motions, filed through appointed counsel, to continue the final pretrial conference and jury trial based on Perez's medical condition – specifically, his kidney failure – and reset the final pretrial conference for March 2, 2009.

---

[1] Petitioner Salvador Perez, through counsel, filed this motion on September 21, 2010. On November 24 and again on December 28, Perez filed motions requesting, in effect, an expedited review based on his release status. Inasmuch as this Court herein is reviewing the merits of the motion, these motions for review (Docs. 2, 3) are **GRANTED**.

Perez waived his right to a speedy trial. In November 2008, Perez was granted permission to travel to Chicago, Illinois, to accompany his son on a college interview.

Retained counsel James M. Stern entered his appearance for Perez on February 20, 2009, and appointed counsel was granted leave to withdraw. Perez's medical issues were discussed at the March 2, 2009, hearing; another pretrial hearing was held on April 6, and the jury trial was reset for June 23, 2009. On June 16, 2009, Perez changed his plea to guilty before United States Magistrate Judge Donald G. Wilkerson, who issued a Report and Recommendation to the undersigned district judge recommending that the guilty plea be accepted and that Perez be adjudicated guilty on all charges. Magistrate Judge Wilkerson continued Perez's bond pending sentencing set for September 21, 2009. On July 8, the undersigned district judge issued an order acknowledging Perez's guilty plea but deferring "a decision on acceptance of the plea of guilty and any plea agreement pending review of the Presentence Investigation Report" (*see* Doc. 40). Pursuant to the plea agreement, Perez waived his rights to appeal or collaterally attack his conviction and sentence, except where his sentence exceeds the advisory guidelines range, he is rendered actually innocent by a retroactive change in law, or his sentence is affected by a retroactive sentencing guideline amendment.

The Presentence Investigation Report (PSR) was filed on August 18, 2009. Consistent with the plea agreement, the United States Probation Office recommended a sentencing guideline range of 57 to 71 months. No objections to the PSR were filed; Perez, through counsel, filed a request for a variance below the advisory guidelines range. On September 21, 2009, Perez was sentenced to a total term of imprisonment of 15 months. He was allowed to remain on bond to attend his scheduled dialysis and to self-surrender when directed to the designated Federal Bureau of Prisons facility.

On September 21, 2010, Perez filed, through new counsel, his motion to vacate, set aside, or correct sentence under § 2255. Perez contends that he was denied effective assistance of counsel

when trial counsel, Attorney Stern, failed to advise Perez that a conviction would result in Perez's deportation to Mexico. Perez claims that had he known he would be deported, he would have taken his case to trial rather than pleading guilty. He even suggests that had he been convicted after a trial, his sentence likely would have been longer, thus enabling him to receive adequate medical treatment while spending more time in federal prison. He asks that his plea and sentence be vacated and that his case be scheduled for jury trial.

## DISCUSSION

The standard for § 2255 relief is well-settled.

> Collateral relief under section 2255 is available if any legal error in taking a prisoner's guilty plea or sentencing him subsequent to that plea was "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." However, a section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. As a result, there are three types of issues that a section 2255 motion can*not* raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994) (internal citations and footnote omitted) (emphasis in original). Therefore, "claims not raised on direct appeal are barred from collateral review unless upon review, [the court is] convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice." *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Most ineffective assistance of trial counsel claims, which Perez asserts here, are properly raised for the first time in a § 2255 motion rather than on direct appeal. *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996); *see also Fountain*, 211 F.3d at 433-34.

Perez complains that "[a]t no time during the plea colloquy did the court, the prosecutor, or

defense counsel explain or even mention the possibility, let alone the inevitability, of deportation. … It was not until [Perez's] sentencing that he was first informed of the inevitability of deportation as a result of the plea" (Doc. 1). He claims that had he known, he would have sought a trial. This argument fails for one fundamental reason: this Court did not accept Perez's guilty plea and adjudicate him guilty of the crimes charged until the sentencing hearing (*see* Sentencing Transcript, criminal case no. 08-30180-GPM at Doc. 87). The PSR clearly reflects the possibility of deportation, wherein it states: "The undersigned probation officer made contact with an agent of the Bureau of Immigration and Custom Enforcement (ICE), who confirmed the defendant's legal status in the United States, which he obtained in approximately 1990. The agent also advised that ICE was not aware of the defendant's arrest or conviction in this case, and may initiate deportation proceedings in the future." (Doc. 41, ¶ 56). The sentencing memorandum filed on Perez's behalf even states: "The Court may consider collateral consequences, such as possible removal activity and the devastating consequences that any incarceration would have not only on the defendant's family, but the defendant's precarious health situation itself." (Doc. 42, p. 2). Most importantly, Perez's possible deportation was the primary issue at sentencing. The Court asked Perez: "And what would have the Court do knowing that very soon after I pronounce sentence, whatever sentence I give you, you are going to be deported." (Sentencing Transcript, criminal case no. 08-30180-GPM at Doc. 87, p. 15). Perez responded: "Yeah. … But if I were deported to Mexico the most time I can live is two or three days because I have to take my dialysis every two days." (*Id*.). During Perez's allocution, he acknowledged that his lawyer was arguing for a short sentence, despite the fact that a very short sentence would be, in effect, a death sentence. (*Id*. at 15-16). This exchange with Perez occurred after Attorney Stern argued for a below guideline sentence to let Perez stay with his family and *if* "immigration decides to initiate removal let him deal with that." (*Id*. at 14).

It is clear that Perez authorized his lawyer to argue for a lesser sentence despite the possibility of deportation. Perez now argues that had he known about the possibility of being deported, he would not have pleaded guilty. This argument borders on disingenuous. Had Perez truly been surprised at sentencing by the possibility of deportation – which the Court finds he was not – he had ample opportunity to say so. The issue of deportation was raised very early during the sentencing hearing (*see id*. at p. 5); thereafter, the Court took a recess to allow the prosecution to review letters offered in mitigation (*see id*. at p. 6). Still, Perez did not question the possibility of deportation. He failed to complain about the issue until he filed this motion under § 2255. According to the papers, Perez's deportation hearing is scheduled for January 4, 2011. It will be for the immigration authorities to determine whether Perez shall be deported; this Court has nothing to say about the matter. Perez understood the gravity of the options presented at sentencing and was not denied effective assistance of trial counsel.

## CONCLUSION

The motion and files and records of this case conclusively show that Perez is entitled to no relief. *See* 28 U.S.C. § 2255(b). Therefore, the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 12/30/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge